GUERNSEY, J., of the Third Appellate District, and DOYLE and STEVENS, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.

BRAWLEY, APPELLANT, *v.* BROCKHARDT, APPELLEE.

(No. 6094—Decided March 16, 1942.)

Mr. *Walter P. Beck,* for appellant.
Mr. *Lawrence R. Lytle,* for appellee.

Ross, J. In the Municipal Court of Cincinnati the court instructed a verdict in favor of the plaintiff at the close of the evidence in rebuttal. On appeal to the Court of Common Pleas of Hamilton county, this judgment was reversed and the case remanded to the Municipal Court for a new trial. The plaintiff, a real estate agent, brought suit to recover commissions upon this contract:

"The undersigned hereby employs F. E. Brawley as the sole and exclusive agent for the sale of the property described above for a term of 2 months, and agrees to pay to the said agent a commission (4%) $11,000 on the gross consideration upon its sale or exchange, by whomsoever the same may be made or affected.

"The agent's authority hereunder may be revoked by the owner at any time, after the expiration of the above term, when no negotiations are pending for the sale or exchange of the property, but only upon and after thirty days' notice in writing to that effect given to the agent. And if, subsequently to such revocation, the property shall be sold or exchanged to any one with whom the agent had theretofore been negotiating, the said commission will be paid to the said agent."

It appears from the evidence that plaintiff advertised the property, but was unsuccessful in selling the same. The defendant on April 18, 1941, executed a deed for the property to a purchaser, with whom the defendant had been negotiating. Having entered into a contract of sale April 6, 1941, on April 4, 1941, defendant notified plaintiff to discontinue advertising and on April 18, 1941, the day of the sale sent a written notice of revocation to plaintiff.

The defendant claims the plaintiff had exclusive rights to commission only for two months from the

date of execution of the contract and that thereafter the plaintiff would be entitled to commission only in the event the plaintiff was instrumental in concluding a sale which it does not appear from the record was shown; at least the evidence is conflicting on this point.

If the exclusive character of the plaintiff's employment extended beyond or up to the date of the contract for sale or even the date of sale, he is entitled to his commission.

The defendant has difficulty in so construing the contract. It appears that the agreement was entirely plain and unambiguous. The plaintiff was given under the contract certainly two months of exclusive coverage of commission. Any time during this period the defendant could have served written notice of revocation, which would have terminated the exclusive feature at the end of the two months and before the sale in question. If the defendant saw fit not to serve such notice as was plainly provided for, then the plaintiff would have the period of exclusive coverage of commission extended until thirty days after such notice. The sale was made prior to a date thirty days after a written notice of revocation.

The Municipal Court was correct in its construction of the contract, and the Court of Common Pleas erred in reversing such judgment. The judgment of the Court of Common Pleas is reversed and that of the Municipal Court of Cincinnati is affirmed.

*Judgment reversed.*

MATTHEWS, P. J., and HAMILTON, J., concur.